332 P.2d 664

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Fred LEWIS, Defendant and Appellant.**

No. 8849.

Supreme Court of Utah.

Dec. 12, 1958.

Vernon L. Snow, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Homer Wilkinson, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a robbery conviction. Reversed for a new trial.

Defendant, colored, allegedly robbed a Mexican mother of four, who testified that after leaving her children home, she went to a market, bought a bottle of pop with a $10 bill, received the change, repaired to a tavern where she met defendant, who, when they emerged therefrom, robbed her of $9 after a scuffle on the sidewalk. Defendant, she said, ran down an alley. There was evidence that she had met defendant earlier in the day, asked him for and was given a drink. Her testimony by and large was most confusing, inconsistent and at variance with other evidence adduced. Nonetheless she insisted that defendant robbed her.

Only other eyewitness to the alleged robbery was a man whose testimony reflected a profound prejudice against colored folks. He swore that the robbery occurred inside the tavern instead of on the sidewalk and said the defendant, drunk, walked quickly down the street, assisted by a companion. Such testimony, quite at odds with that of the prosecutrix, was supplemented by other testimony he gave that was even more confusing and at variance with that of the prosecutrix. Without detailing all of the testimony, that of these two principal state witnesses does not commend itself, in our opinion, as being a type calling for bestowal of any kind of kudo awardable for quality or candor.

On the other hand, the testimony of the only other state witness of consequence, that of a police officer, was clear, candid and consistent, albeit partly hearsay,—such part having been objected to but admitted nevertheless. That part is the part upon which this decision is bottomed.

The portion objected to was to the effect that one Henderson, unavailable to testify, in the presence of the officer and the defendant, in substance had stated that the accused had said, "Give me that money"; that he, Henderson, did not see him take the money; that defendant had said he had been to the tavern with the prosecutrix, and that there had been a scuffle outside the tavern. The officer said defendant denied all this at the time. This testimony clearly was hearsay. Defendant made timely objection to its admission and claims prejudicial error. The State says it was harmless.

Under different circumstances the State might be right. But the record here discloses such a disparity of quality, frankness and sincerity between the officer's tes-

timony and that of the other witnesses mentioned, that the jury well may have given it great weight in the light of the contradictions and inconsistencies of the others. Who knows? Such doubt can leave no alternative than to conclude that under the circumstances of this particular case, the defendant was prejudiced by permitting concededly inadmissible evidence to by placed before the jury. Such doubt must be resolved in favor of the accused under our system, where such a high premium is placed on liberty, as to require one to be convicted only on competent, admissible evidence, and beyond a reasonable doubt. If there be a reasonable doubt as to whether one would have been convicted or acquitted under that high standard of proof had inadmissible evidence been excluded, such doubt must be resolved on the side of an accused.

Error as to exclusion of character testimony is urged. The error had to do with the laying of a foundation to admit such evidence. On a retrial the proper method of laying such foundation can be found in any recognized text on evidence and needs no discussion here. Other errors urged need no comment in light of our decision.

McDONOUGH, C. J., and WADE and WORTHEN, JJ., concur.

CROCKETT, J., concurs in result.